PHI VAN CAO, Appellant,

v.

Yvonne HARDY, Appellee.

No. 14–10–01113–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 22, 2011.

Larry Lee Thweatt, Houston, for appellant.

John M. Causey, Kenna Mercer Seiler, Conroe, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

**OPINION**

JEFFREY V. BROWN, Justice.

This is an appeal from a personal-injury case in which the jury found for appellant Phi Van Cao and awarded him $2,176 for past medical bills. Cao argues that the court below improperly designated a responsible third party and that his award was improperly reduced as a result. We agree, reverse, and remand.

**I**

The underlying facts are straightforward: During a morning rush hour, Cao slowed his truck as he approached a disabled vehicle, and a car driven by appellee Yvonne Hardy crashed into Cao's truck from behind. There is some dispute as to whether the disabled vehicle had its hood up, but its hazard lights were not flashing when the accident occurred.

Cao did not seek immediate medical attention, and he worked a full day as an auto mechanic after the accident. He began to feel pain sometime that evening. The next day, he was treated by a new doctor—not his regular family doctor. He was prescribed physical therapy and two types of medication. He eventually filed suit seeking $3,625.86 for past medical expenses: $3,500 for doctor's visits and physical therapy, $48.74 for one prescription, and $77.12 for the other.

Hardy moved to designate the unnamed owner of the disabled vehicle as a responsible third party based on his negligent failure to use his hazard lights. The trial court granted that motion. Cao responded by moving to strike the responsible-third-party designation, arguing that section 33.004 of the Texas Civil Practices and Remedies Code allows unnamed parties to be designated as responsible third parties only when they commit a crime. Cao's motion was denied. After a trial, the jury found Hardy sixty percent at fault and the unnamed owner of the disabled vehicle forty percent at fault. The jury awarded Cao $2,176 for past medical expenses without explaining how it reached that figure. Rounded to the nearest dollar, $2,176 is sixty percent of Cao's total medical expenses.

Cao moved for a judgment notwithstanding the verdict on the grounds that 1) it was error to designate the unnamed owner of the disabled vehicle as a responsible third party, and 2) the jury award of $2,176 was against the great weight and preponderance of the evidence because his $3,625.86 in medical expenses was uncontested. The court upheld the jury verdict, and Cao moved for a new trial on the same grounds. The trial court denied that motion, and this appeal followed.

**II**

**A**

The Texas Civil Practices and Remedies Code governs the designation of responsible third parties. Tex. Civ. Prac. & Rem.Code § 33.004. Whether responsible-third-party designation was proper is a question of statutory construction and is reviewed de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006); *Flack v. Hanke*, 334 S.W.3d 251, 261 (Tex.App.-San Antonio 2010, pet. dism'd). When construing a statute, we begin with its language. *Shumake*, 199 S.W.3d at 284. Our primary objective is to determine the legisla-

ture's intent which, when possible, we discern from the plain meaning of the words chosen. *Id.* We presume the legislature included each word in the statute for a purpose, and that words not included were purposefully omitted. *In re M.N.,* 262 S.W.3d 799, 802 (Tex.2008). We may not add language that is not implicitly contained in the language of the statute. *Villarreal v. Wells Fargo Brokerage Servs., LLC,* 315 S.W.3d 109, 122 (Tex.App.-Houston [1st Dist.] 2010, no pet.). However, we may consider other matters in ascertaining legislative intent, including the objective of the law, its history, and the consequences of a particular construction. *Shumake,* 199 S.W.3d at 284.

Chapter 33 of the Texas Civil Practices and Remedies Code explicitly considers the designation of unknown persons as responsible third parties:

(j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

(1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

(2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

(3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem.Code § 33.004(j).[1] This is the only section of the code dealing specifically with unknown responsible third parties. Hardy argues that subsection (j) is irrelevant because it applies only to cases involving criminal acts, and she urges this court to apply the general provisions of section 33.004. She asserts that, because these subsections do not expressly limit themselves to known persons, they should apply to both known and unknown persons. We find this argument unpersuasive and follow our sister court in finding subsection (j) to be uniquely applicable to unknown third parties. *See In re Unitec Elevator Servs. Co.,* 178 S.W.3d 53, 61 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

In *Unitec,* the First Court of Appeals noted that the broad rights granted defendants to designate responsible third parties under section 33.004 came with a procedural price. *Id.* The relators in *Unitec* tried—outside the sixty-day time limit of subsection (j)—to designate unknown vandals as responsible third parties in a personal-injury case. *Id.* at 60–61; *see* Tex. Civ. Prac. & Rem.Code § 33.004(j). Relators specifically argued that subsection (j) was not the exclusive means of designating the unknown vandals as responsible third parties and that the designation could also be made under the general provisions of section 33.004. *Unitec,* 178 S.W.3d at 60–61. The court did not agree:

While revised section 33.004 clearly recognizes the right of a defendant to submit an unknown person as a responsible third party to a jury for the jury's apportionment of responsibility, subsection

---

1. "An unknown person designated as a responsible third party under Subsection (j) is denominated as 'Jane Doe' or 'John Doe' until the person's identity is known." Tex. Civ. Prac. & Rem.Code Ann. § 33.004(k).

(j) provides that as a prerequisite to designating such an unknown person, a defendant must comply with certain pleading requirements likely designed to furnish the other parties with notice that the defendant intends to assert that the claimant's injuries were caused by an unknown criminal. Relators' argument, that subsection (j) merely affords a defendant an additional and independent means to designate unknown persons as responsible third parties, would render the pleading deadlines imposed in subsection (j) meaningless.

*Id.* at 61. The same logic applies to the present case. Because the owner of the disabled vehicle is unknown, the pleading requirements of subsection (j)—including the allegation that he has committed a crime—apply.[2] Hardy failed to follow those requirements, and thus it was error to designate the owner of the disabled vehicle a responsible third party.

### B

■ In light of this conclusion, Cao urges this court to set aside the jury award of $2,176 and award him the entire $3,625.86 he has claimed in medical expenses. He argues that, because the jury award is almost exactly sixty percent of his alleged expenses, it must be a direct result of the erroneous designation of the responsible third party, which the jury found to be forty percent at fault. We agree that the correlation is close, but the proper remedy is available only in the trial court.

■ Juries have broad discretion in assessing damages when the law provides no precise legal measure; a jury's findings will not be disregarded merely because its reasoning in arriving at its figures may be unclear, so long as a rational basis for its calculation exists. *Formosa Plastics Corp., USA v. Kajima Int'l, Inc.,* 216 S.W.3d 436, 453 (Tex.App.-Corpus Christi 2006, pet. denied). A jury need not accept a plaintiff's medical costs at face value; it may find that those costs were caused in whole or in part by an injury or condition other than the one being litigated. *See Hilland v. Arnold,* 856 S.W.2d 240, 242–43 (Tex.App.-Texarkana 1993, no writ). When that is the case, a jury may properly award an amount less than the total costs incurred by the plaintiff. *See id.* However, when a jury awards a plaintiff a completely random sum of money, a court of appeals may disregard it. *See Formosa Plastics,* 216 S.W.3d at 453–54; *First State Bank v. Keilman,* 851 S.W.2d 914, 930–31 (Tex.App.-Austin 1993, writ denied). Our only recourse in such a case is granting a new trial. *Gulf, Colo. & Santa Fe Ry. Co. v. Deen,* 158 Tex. 466, 312 S.W.2d 933, 937 (Tex.1958). We have no authority to employ additur. *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.,* 176 S.W.3d 307, 325 (Tex.App.-Houston [1st Dist.] 2004, pet. denied).

Hardy relies on *Hilland v. Arnold* to argue that the jury in this case was not convinced that all of Cao's medical bills were necessary. As evidence of the reasonableness of such a jury finding, Hardy points out that Cao finished a day's work as an auto mechanic before seeking medical attention and, when he did seek medical attention, he did not go to his regular doctor. This first fact is completely irrelevant: Uncontroverted testimony shows

---

**2.** Hardy tries to distinguish this case from *Unitec* by pointing out that the vandalism in that case was clearly criminal and, as a result, the *Unitec* decision is inapplicable to a consideration of whether subsection (j) applies to non-criminal conduct. However, under Section 33.004, the key factor is not the criminal or non-criminal nature of the conduct, but rather the unknown identity of the responsible third party. *See Unitec,* 178 S.W.3d at 61 n. 8.

Cao did not begin to feel pain until the evening on the day the accident occurred, and it would have made no sense for him to seek medical attention when he had no symptoms to report. The second fact relied on by Hardy—Cao's decision not to go to his regular doctor—actually works against her reliance on the *Hilland* decision.

In *Hilland*, a jury awarded $659 to a plaintiff alleging $17,435 in damages; the award amount represented the plaintiff's cost for the first two physicians he saw after he was injured in a car accident. 856 S.W.2d at 241. The trial court entered judgment for $659, and the judgment was upheld despite plaintiff's contention it was too low. *Id.* at 241, 243. Two key elements present in the *Hilland* case are not present in the case at hand. First, a doctor who examined the plaintiff after the accident noted an unusual arthritic deterioration of the plaintiff's spinal column, but because he was not aware of plaintiff's condition before the accident, he refused to testify affirmatively that the condition was caused by the accident. *Id.* at 242. Second, the *Hilland* plaintiff had been diagnosed as a hypochondriac—a person who interprets minor abnormalities as serious medical problems—prior to the accident, and he suffered from the same symptoms both before and after the accident. *See id.* at 241. This diagnosis was shown in notes taken before the accident by one of the psychiatrists the plaintiff continued to see after the accident. *Id.* The doctor's refusal to testify about the cause of plaintiff's arthritic condition and the psychiatrist's notes regarding plaintiff's hypochondrias is put the cause of plaintiff's injuries into doubt. *Id.* at 243. That doubt justified the relatively small jury award. *Id.*

Despite Hardy's contentions, there is no such doubt in the present case. Nothing in the record so much as hints at the possibility that Cao's pain was caused by a preexisting condition. During cross examination, Cao admitted that, after the accident, he did not see his family doctor and the doctor he did see had never treated him before. Defense counsel did not inquire as to the reason for Cao's choice of doctors, nor did defense counsel present any evidence that Cao had changed doctors in bad faith. On this record, it is entirely possible that Cao's family doctor was unavailable on the day of the accident, and Cao went to the next available doctor for his examination. On the other hand, if Cao's family doctor could show Cao had a history of symptoms similar to those he suffered after the accident, *Hilland* would be on-point. *See* 856 S.W.2d at 241. Evidence from Cao's family doctor is conspicuously absent from the record, however, and *Hilland* does not justify the jury award here.

The jury award in this case more closely resembles the jury award in *First State Bank v. Keilman*. *See* 851 S.W.2d at 930–31. In considering a usury case, the jury there was faced with a clear choice: "[I]f the jury believed the evidence presented by the Keilmans, $7,161.44 in unauthorized interest was charged. If the jury believed the evidence presented by [First State Bank], only $169.92 in [unauthorized] interest was charged...." *Id.* at 931. Somehow, the jury set the amount of unauthorized interest at $360, an amount neither party could explain. *Id.* As a result, the *Keilman* court struck down the award as "inexplicable in light of the evidence presented at trial." *Id.*

In the present case, the jury award has only one plausible explanation: The jury subtracted the forty percent of Cao's damages it attributed to the unknown owner of the disabled vehicle who was improperly designated a responsible third party. Nat-

urally, Hardy defends the jury award,[3] but her defense relies on vague generalizations of a jury's broad discretion to disbelieve the reasonableness of medical costs. The mere fact that $2,176 falls somewhere between nothing and Cao's full medical costs is no help. *See Keilman,* 851 S.W.2d at 931. There are three sums spelled out in the record for the jury to consider: $3,500 for the doctor visit and physical therapy, $48.74 for one prescription, and $77.12 for the other. No combination of these numbers results in the jury award of $2,176. We simply cannot find any logical way to reach the same conclusion as the jury. *See Clark v. Brewer,* 471 S.W.2d 639, 642 (Tex.App.-Corpus Christi 1971, no writ) ("We are unable to take any group of specific figures and come up with the figure found by the jury.").

\*   \*   \*

For the foregoing reasons, we reverse and remand for a new trial.

**3.** Though the jury award was in Cao's favor, Hardy would no doubt rather pay the $2,176 award than the full $3,625.86.