Betelehem DESTA, Appellant,

v.

Festus ANYAOHA, Appellee.

No. 05-10-01030-CV.

Court of Appeals of Texas, Dallas.

June 25, 2012.

---

Meijken Westenskow, Mosaic Family Services, Dallas, TX, for Appellant.

Stephen V. Hartman, Dallas, TX, for Appellee.

Before Justices O'NEILL, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

The trial court annulled the marriage of Betelehem Desta (Wife) and Festus Anyaoha (Husband) based on fraud. In two issues on appeal, Wife asserts the evidence was legally and factually insufficient to support an annulment and the trial court erred because there was no determination

as to whether the alleged fraud "went to the essentials of the marriage relationship." Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## Background

Husband, a resident of the United States, met Wife, an Ethiopian citizen, on an internet dating site. Wife told Husband she wanted a marital relationship with several children. The two were married in 2007, and began living together in October 2008 after Wife arrived in the United States. Wife claimed Husband abused her, and left him in May 2009 shortly after she received her "green card."

Wife filed a petition for divorce. Husband filed a cross-petition requesting dissolution of the marriage, or alternatively, annulment based on fraud. Following a hearing, the trial judge ruled that the marriage should be annulled and made findings of fact and conclusions of law. This appeal followed.

## Discussion

■ Appellant contends the evidence is insufficient to support an annulment and the trial court erred because it did not determine whether the alleged fraud "went to the essentials of the marriage relationship." We disagree.

A trial court may grant a petitioner an annulment of a marriage if (1) the other party used fraud, duress, or force to induce the petitioner to enter into the marriage; and (2) the petitioner has not voluntarily cohabited with the other party since learning of the fraud or since being released from the duress or force. Tex. Fam.Code Ann. § 6.107 (West 2006); *Galbraith v. Galbraith*, 619 S.W.2d 238, 240 (Tex.Civ.App.-Texarkana 1981, no writ).

■ A trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence under the same legal standards applied to review jury verdicts. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). In a legal sufficiency review, we consider the evidence in the light most favorable to the trial court's findings and indulge every reasonable inference that would support them. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005). We credit favorable evidence if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not. *Id.* at 827. In a factual sufficiency review, a finding will be overturned only if it is so against the great weight and preponderance of the evidence or so lacking in evidentiary support as to be clearly wrong and unjust. *Ortiz*, 917 S.W.2d at 772. Conclusions of law are reviewed *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002).

The trial court found that Wife fraudulently induced Husband to marry her by making material representations; in particular, that she loved him and wanted a long-term relationship, marriage and children. The trial court further found that Husband believed these material and fraudulent representations and relied upon them when he asked Wife to marry him.

The evidence supports the trial court's findings. Seiffer Dottie, Wife's cousin, testified that Wife only married Husband so that she could come to the United States. Jack Seid, an acquaintance of Husband's with whom Wife resided for a while after she left Husband, also testified that Wife wanted to marry Husband so that she could come to America, and was waiting to get her green card before she moved out. Wife also told Seid that she took a birth control injection before she came to the United States because "she don't want to have a baby from him." While Wife resid-

ed with Seid, he suspected that she was conversing with other men, became angry, and told her to leave. When he did so, he told her she lied and was a liar, and Wife replied, "I know."

Husband testified that prior to the marriage, Wife told him she wanted a long-term relationship and three or four children, and they spoke about this almost every day. Because of these representations, he married her. Husband hired an immigration lawyer to make arrangements for Wife to come to the United States, and brought her here from Ethiopia in 2008. A few days after Wife obtained her temporary green card, Husband arrived home to find that Wife and her belongings were gone. Wife did not call or leave a note.

As the fact finder in this case, the trial court was the sole judge of the credibility of the witnesses. *See City of Keller*, 168 S.W.3d at 819. The court could reasonably believe Husband's testimony, and that of his witnesses, and reject Wife's testimony, and conclude Husband was induced by fraud to enter into the marriage. *See id.* at 827. The trial court could reasonably find that Wife did not really love Husband, desire to marry him or have children, and had always intended to leave Husband after establishing her right to remain in the country. The court could reasonably find she made material misrepresentations and intended that Husband rely on them, and as a result, he married her. *See* Tex. Fam.Code Ann. § 6.107(1). There is legally and factually sufficient evidence in the record to support the trial court's findings of fraud, and to support the trial court's annulment of the marriage based on fraud. *See City of Keller*, 168 S.W.3d at 827. Wife's second issue is overruled.

Wife further asserts the trial court erred because there was no determination of whether the fraud "went to the essentials" of the marital relationship. In support of her argument, Wife relies on a quotation from our sister court's opinion in *Leax v. Leax*, 305 S.W.3d 22, 29 (Tex.App.-Houston [1st Dist.] 2009, pet. denied). After noting the absence of Texas case law specifically articulating the proof necessary to annul a marriage based on fraud, the Houston court observed that "American courts generally have held that marriages can be annulled on the basis of fraud only if the fraud concerns an issue *essential to the marriage.*" *Id.* (Emphasis added). Despite the Houston court's observation, Wife provides no authority to support the proposition that such an inquiry is required under Texas law.[1]

Conceding that Texas courts have not addressed the issue, Wife devotes considerable effort to arguing that fraud to secure a marriage for immigration purposes and misrepresentations concerning love, affection, and a desire for children do not affect the "essentials of a marital relationship." In so doing, Wife not only seeks to have us impose an additional standard beyond what the statute requires, but also delineate the boundaries of what such an amorphous standard might entail.

We decline this invitation to expand the scope of § 6.107 to impose more than what the statute requires. *See Phi Van Cao v. Hardy*, 352 S.W.3d 218, 221 (Tex.App.-Houston [14th Dist.] 2011, pet. denied) (stating court may not add language to a statute). It is not the function of the courts to expand the scope of a statute beyond the Legislature's intent as expressed in the plain language of the statute. *See Consol. Reinforcement, L.P. v.*

---

1. Wife states "there is little Texas case law defining this standard." We have found none.

*Carothers Exec. Homes, Ltd.,* 271 S.W.3d 887, 892 (Tex.App.-Austin 2008, no pet.), *overruled on other grounds by S & P Consulting Engineers, PLLC v. Baker,* 334 S.W.3d 390, 403 (Tex.App.-Austin 2011, no pet.). The statute plainly provides that a trial court may grant an annulment based on fraud. *See* TEX. FAM.CODE ANN. § 6.107. The meaning of fraud is well-established in the jurisprudence of this state, and there is no indication the Legislature intended the term connote anything more or less than the commonly accepted meaning when used in the context of an annulment.

 Wife acknowledges that Texas courts determining whether to grant an annulment based on fraud typically look for evidence of fraudulent inducement. *See Villarreal v. Villarreal,* No. 09–09–00319–CV, 2010 WL 2854250 at *5 (Tex. App.-Beaumont May 17, 2010) (not designated for publication); *see also Leax,* 305 S.W.3d at 29. Fraudulent inducement is a species of fraud. *See Tex. S. Univ. v. State Bank & Trust Co.,* 212 S.W.3d 893, 914 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). Fraudulent inducement is established by proving that a false material misrepresentation was made that (1) was known to be false when it was made; (2) was intended to be acted upon; (3) was relied upon; and (4) caused injury. *Id.;* *see also Montenegro v. Avila,* 365 S.W.3d 822, 826–27 (Tex.App.-El Paso 2012) (not designated for publication) (concluding evidence sufficient to support finding that husband fraudulently induced wife to marry). Significantly, fraud requires a material misrepresentation. *See Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 276 (Tex. 1995). A material misrepresentation, as an element of fraud, means a reasonable person would attach importance to and would be induced to act on the information in determining his cause of action. *Italian Cowboy Partners, Ltd., v. Prudential Ins.*

*Co.,* 341 S.W.3d 323, 337 (Tex.2011). Wife fails to explain the distinction, if any, between the materiality requirement imposed by the statute and the "essential to the relationship" standard she seeks to have us impose. The trial court found that Wife made material misrepresentations to induce Husband to marry her. Because the trial court was not required to also determine whether the fraud "went to the essentials of the marital relationship," we cannot conclude it erred in failing to do so. Wife's first issue is overruled.

The judgment of the trial court is affirmed.