**AFFIRMED; Opinion Filed August 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00389-CV

**SONGHE ZHANG, Appellant**
**V.**
**KIRSTEN ZHANG, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-30041-2009**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

Appellant Songhe Zhang appeals from the trial court's decree of annulment of his marriage to appellee Kirsten Zhang. Appellant contends that there was insufficient evidence to support a finding of fraud and requests that this Court reverse and remand the case to the trial court. We affirm.

### BACKGROUND

Appellant and appellee began dating in October 2006 and had a daughter together in April 2008. Appellant is a citizen of the People's Republic of China. Subsequent to their daughter's birth, appellant was detained by the U.S. Department of Homeland Security - U.S. Immigration and Customs Enforcement (ICE) due to his immigration status.

On December 31, 2008, appellant and appellee were married by proxy because of appellant's continued detention. Appellee testified that prior to the marriage, appellant professed his love for her and indicated that he wanted to commit to and marry her. Appellee further testified that appellant told her after the marriage that he did not love her and had not been faithful to her prior to their marriage. The trial court concluded that the pre-marriage statements made by appellant were made with the intent to induce appellee to marry him, and that such statements were false at the time the statements were made. The trial court further concluded that, but for these statements, appellee would not have married appellant. Appellee further testified that she did not cohabitate with appellant after discovering the falsity of appellant's statements. The trial court concluded that the marriage was voidable and subject to an annulment based on fraud. Appellant then timely filed this appeal.

## ANALYSIS

### A. Standard of Review

Appellant alleges that the trial court's annulment of his marriage was not based on legally sufficient evidence as no evidence was presented by appellee to demonstrate that appellant fraudulently induced appellee to marry him. In a legal sufficiency review, we consider the evidence in the light most favorable to the trial court's findings and we indulge every reasonable inference that supports those findings. *Montenegro v. Avila,* 365 S.W.3d 822, 826 (Tex. App.— El Paso 2012, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). If any probative evidence supports the trial court's fact finding, it must be upheld. *Id.* The decisive test for legal sufficiency is whether the evidence at trial would allow reasonable and fair-minded people to reach the verdict under review. *Id.*

**B.      Annulment Based on Fraud**

The trial court may grant an annulment of a marriage to a party to the marriage if:  (1) the other party used fraud, duress, or force to induce the petitioner to enter into the marriage; and (2) the petitioner has not voluntarily cohabitated with the other party since learning of the fraud or since being released from the duress or force.  *See* TEX. FAM. CODE ANN. § 6.107 (West 2006). In his sole issue, appellant argues that the trial court erred in granting an annulment because of insufficient evidence that appellant fraudulently induced appellee into marriage.   Fraudulent inducement is established by proving that a false material misrepresentation was made that (1) was known to be false when it was made; (2) was intended to be acted upon; (3) was relied upon; and (4) caused injury.  *See Desta v. Anyaoha,* 371 S.W.3d 596, 600 (Tex. App.—Dallas 2012, no pet.); *Tex. S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 914 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

In its findings of fact and conclusions of law, the trial court determined that:   (1) appellant made statements to appellee professing his sincere love for her and committing to marry her and raise their child together; (2) these statements were made with the intent to induce appellee into marriage; (3) the statements did induce appellee to marry appellant; and (4) the statements made by appellant were false at the time the statements were made.   In addition, the trial court concluded that the marriage provided appellant with a legal benefit, and that he desired the marriage for the purpose of receiving this benefit. Thus, the trial court concluded that appellant fraudulently induced appellee into marriage.

The evidence supports the trial court's findings and conclusions that appellant committed fraud by inducing appellee into marriage.  Specifically, appellee testified that appellant professed his love for her and indicated that he wanted to commit to and marry her.  Appellee further testified that appellant told her after the marriage that he did not love her and had not been

faithful to her prior to their marriage. Appellee testified that she had not been with appellant since she learned of his misstatements.

Although the appellant denied appellee's allegations, the trial court is the sole judge of the credibility of the witnesses and it is permitted to believe appellee's testimony and reject appellant's testimony. *See Desta*, 371 S.W.3d at 599 ("The court could reasonably believe Husband's testimony, and that of his witnesses, and reject Wife's testimony, and conclude Husband was induced by fraud to enter into the marriage."); *Montenegro,* 365 S.W.3d at 828 ("As the trier of the fact is the sole judge of the credibility of witnesses, the trial court was permitted to believe [appellee's] testimony, and reject [appellant's] testimony."). The trial court could have reasonably determined that appellant's conduct prior to the marriage constituted fraud to induce appellee to marry him. The trial court did not err in granting the annulment and, accordingly, issue one is overruled.

## CONCLUSION

We resolve appellant's sole issue against him and affirm the trial court's order.


130389F.P05

/ David Evans/
DAVID EVANS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SONGHE ZHANG, Appellant

No. 05-13-00389-CV      V.

KIRSTEN ZHANG, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-30041-2009.
Opinion delivered by Justice Evans.
Justices Fillmore and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KIRSTEN ZHANG recover her costs of this appeal from appellant SONGHE ZHANG.

Judgment entered this 5th day of August, 2014.