**Affirmed in Part, Reversed and Rendered in Part, and Majority and Dissenting Opinions filed December 4, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00028-CV

---

### NICHOLAS WHITE, MARK MOERSEN, TAURUS MANUFACTURING CO., AND OPTIMAS MANUFACTURING SOLUTIONS, INC., Appellants

### V.

### ZHOU PEI AND SHAUN WHITE, Appellees

---

## NO. 14-13-00501-CV

---

### ZHOU PEI, SHAUN WHITE, MEL SMITH, AND JAMES CORBETT, Cross-Appellants

### V.

### NICHOLAS WHITE, MARK MOERSEN, TAURUS MANUFACTURING CO., AND OPTIMAS MANUFACTURING SOLUTIONS, INC., Cross-Appellees

---

**On Appeal from the 151st District Court**

# D I S S E N T I N G   O P I N I O N

The majority concludes that the trial court correctly construed Chapter 33 of the Texas Civil Practice and Remedies Code[1] as not applying to any case unless a percentage-of-responsibility finding has been made in that case. Though understandable in light of language in section 33.002(a), this conclusion conflicts with judicial dicta in a recent opinion of the Supreme Court of Texas and also with precedent in which courts have held that Chapter 33 applies in the context of pre-trial proceedings, before any percentage-of-responsibility findings have been made in the case. This court should hold that Chapter 33 applies and that the inapplicability of this statute was not a proper basis for the trial court to deny the defendants' requests for a settlement credit under section 33.012(b).

### *The trial court denied the defendants any settlement credit.*

Appellees/cross-appellants/plaintiffs Zhou Pei and Shaun White settled their claims against certain defendants for $400,000. The jury answered liability and damages questions against appellants/cross-appellees/defendants Nicholas White and Mark Moersen as to various tort claims asserted by Zhou and Shaun. Nicholas and Moersen requested a settlement credit based on the settlement under section 33.012(b), which reads in its entirety as follows: "If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar

---

[1] Unless otherwise expressly stated, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

amounts of all settlements."[2]

In response, Zhou and Shaun argued that section 33.012(b) does not apply to this case because, in answering the questions in the jury charge, the jury did not make any percentage-of-responsibility findings.[3] Zhou and Shaun relied upon section 33.002(a), which reads in its entirety as follows:

> This chapter applies to: (1) any cause of action based on tort *in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought*; or (2) any action brought under the Deceptive Trade Practices-Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code) in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought.[4]

The trial court rendered judgment on claims for common-law fraud and breach of fiduciary duty, which are causes of action based on tort. But, Zhou and Shaun asserted that, for Chapter 33 to apply, there is an additional requirement that a defendant, settling person, or responsible third party have been found responsible for a percentage of the harm for which relief is sought. Zhou and Shaun asserted that, because no such findings were made in the case under review, Chapter 33, including section 33.012, does not apply. The trial court agreed with this construction of section 33.002, and denied Nicholas's and Moersen's requests for a settlement credit, apparently based solely on this statutory construction.

---

[2] Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b) (West, Westlaw through 2013 3d C.S.).

[3] It is correct that the jury did not make any percentage-of-responsibility findings, nor was the jury asked to do so.

[4] Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a) (West, Westlaw through 2013 3d C.S.) (footnote omitted, emphasis added). Certain matters also are excluded from the scope of Chapter 33 in section 33.002(c), but the case under review does not involve any of these matters. *See id*. § 33.002(c).

### *The majority's statutory construction conflicts with precedent.*

Though the language of section 33.002(a) indicates that Chapter 33 does not apply until a finding of some percentage of responsibility has been made against a defendant, settling person, or responsible third party, that construction would render sections 33.003 and 33.004 incapable of being given effect.[5] A recent opinion from the Supreme Court of Texas contains judicial dicta construing section 33.002(a) to mean that Chapter 33 applies to any cause of action based on tort, without any requirement of a percentage-of-responsibility finding.[6] Under these pronouncements, section 33.012(b) applies to the claims upon which the trial court rendered judgment in this case.[7] This result is also supported by precedent in which the Supreme Court of Texas, this court, and other courts have held that section 33.004 applied at a stage of the case in which no percentage-of-responsibility findings had been made.[8] Therefore, this court should conclude that

---

[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.003 (West, Westlaw through 2013 3d C.S.) (requiring that percentage-of-responsibility findings be made in certain circumstances in cases governed by Chapter 33); *id.* § 33.004 (West, Westlaw through 2013 3d C.S.) (allowing for pre-trial designation of a person as a responsible third party in cases governed by Chapter 33).

[6] *See Dugger v. Arredondo*, 408 S.W.3d 825, 831 (Tex. 2013). *See also Pemex Explor. Y Prod. v. Murphy Energy Corp.*, 923 F.Supp.2d 961, 980 (S.D. Tex. 2013) (construing section 33.002(a) in a similar manner); *Werner v. KPMG, LLP*, 415 F.Supp.2d 688, 703 (S.D. Tex. 2006) (construing section 33.002(a) in a similar manner); *Challenger Gaming Solutions v. Earp*, 402 S.W.3d 290, 292 (Tex. App.—Dallas 2013, no pet.) (construing section 33.002(a) in a similar manner).

[7] *See Garza v. Slaughter*, 331 S.W.3d 43, 48, n.4 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[8] *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411–16 (Tex. 2011); *Cao v. Hardy*, 352 S.W.3d 218, 220–22 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Jenkins v. Occidental Chem. Corp.*, 415 S.W.3d 14, 33–34 (Tex. App.—Houston [1st Dist.] 2013, pet. filed); *Pemex Explor. y Prod.*, 923 F.Supp.2d at 980–84. The footnote from the *Barnett* case upon which the majority relies was obiter dicta in light of the court's holding based on failure to preserve error. *See Barnett v. Home of Tex. & Warranty Underwriters Ins. Co.*, Nos. 14-09-01005-CV, 14-10-00197-CV, 2011 WL 665309, at *6–7 & n.11 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011, no pet.) (mem. op.).

the trial court erred in ruling that section 33.012(b) does not apply.[9]  Because the court does not do so, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison. (Jamison, J., majority).

---

[9] The majority states that "Chapter 33's provisions concerning proportionate responsibility did not apply. . ." *Ante* at p. 22.  Under its unambiguous language, section 33.002(a) applies equally to all of Chapter 33's provisions.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a).  Research has not revealed any authority for the proposition that section 33.002(a) has different meanings as to different parts of Chapter 33.