**Affirmed and Opinion Filed July 5, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-01515-CV
_____

### PIER ALLESINA, Appellant
### V.
### MILES C. LONGSHAW, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-11149**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Whitehill
Opinion by Chief Justice Wright

Appellant Pier Allesina sued appellee Miles Longshaw for personal injuries he sustained

when appellee rear-ended him.[1]  A jury found for appellant and awarded him $500 for past physical

pain and $7,739 for past medical expenses.  In a single issue, appellant challenges the factual

sufficiency of the evidence to support the jury's award for past medical expenses.  Specifically, he

contends that award is "against the great weight and preponderance" of the evidence because the

only evidence admitted at trial in support of past medical expenses showed the expenses totaled

$9,014.05 and no combination of those expenses totaled $7,739.  We affirm the trial court's

judgment.

BACKGROUND

---

[1] A passenger in appellant's car also sued appellee.  The two cases were consolidated.  Following the judgment, the passenger appealed.  His appeal, however, was subsequently dismissed.

The accident occurred February 1, 2014. Appellee did not dispute at trial he caused the accident and was "responsibl[e] for [appellant's] medical bills and damages." He also did not dispute the testimony and evidence concerning appellant's injuries and past medical expenses. Appellant testified he was in good health before the accident and worked seventy hours per week as a chef. He felt "some pain" in his shoulder and back after he was hit from behind, but he kept his work schedule and did not see a doctor until four days later. He explained he had hoped he would feel better taking "some Advil," but the pain increased. He described the pain on a scale of one to ten as "an 8, maybe even 10 sometimes," particularly when he picked something up or raised his left arm. Upon examination, appellant's doctor found "muscular injuries" and prescribed him medications and therapy. The doctor also recommended appellant avoid activities that increased the pain, but appellant testified his work made it difficult for him to do that.

Appellant testified that due to his work schedule and the clinic's schedule, he did not begin therapy at the clinic until three weeks after seeing the doctor. Records from the clinic, admitted into evidence, reflected appellant had "significant difficulty in sitting, bending, and looking up and down, which [restricted] some daily activities." The records further reflected he complained of "increased spasms and stiffness in the neck and back" when "perform[ing]" activities. X-rays taken during this time revealed "[m]ultilevel mild thoracic compression fractures," but a follow-up MRI showed only degenerative changes.

Appellant received eighteen therapy sessions, each lasting forty-five minutes to an hour, over the course of five weeks. He was released April 7, 2014 with the recommendation he continue "with a home exercise program to increase [the range of motion] and stability of his left shoulder." At the time he was released, he rated his pain as a "1."

Appellant's medical expenses were supported by affidavits admitted into evidence and made pursuant to section 18.001 of the civil practice and remedies code. *See* TEX. CIV. PRAC. &

REM. CODE § 18.001 (West 2015) (allowing for admissibility, by affidavit, of evidence of the reasonableness and necessity of medical expenses). These records showed a charge of $155.44 for the visit with his doctor, a charge of $500 from Dallas Radiology, a charge of $2650 from Mid-Cities Imaging, and a charge of $5708.61 from the therapy clinic.

APPLICABLE LAW

To establish past medical expenses for personal injuries, a plaintiff must show his injuries were caused by the defendant's negligence, the medical treatment was necessary, and the charges were reasonable. *See Ten Hagen Excavating, Inc. v. Castro–Lopez*, 503 S.W.3d 463, 491–92 (Tex. App.—Dallas 2016, pet. denied). A plaintiff can establish the reasonableness and necessity of past medical expenses through either expert testimony or an affidavit from medical providers made pursuant to section 18.001 of the civil practices and remedies code. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b). Affidavits submitted pursuant to section 18.001, however, are not conclusive as to the amount of damages. *See Ten Hagen*, 503 S.W.3d at 491–92. The amount of damages to be awarded is largely within the fact-finder's discretion and section 18.001 affidavits serve only as "sufficient evidence to support a finding of reasonableness and necessity." *See id.*; *Cao v. Hardy*, 352 S.W.3d 218, 222 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

When, as here, the party who bore the burden of proof at trial challenges the factual sufficiency of the evidence to support an adverse finding, we determine whether "the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We consider all the evidence admitted at trial relevant to that finding and will set aside the finding only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g). In reviewing the evidence, we bear in mind that the fact-finder is the exclusive judge of the credibility of the witnesses and the weight to give their

testimony. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The fact-finder may disbelieve a witness, even if the witness's testimony is uncontradicted. *See Barrajas v. VIA Metro. Trans. Auth.*, 945 S.W.2d 207, 209–10 (Tex. App.—San Antonio 1997, no writ) (jury may "choose to be guided or not by the testimony of the amount of damages.").

DISCUSSION

In arguing the evidence is factually insufficient to support the award for damages, appellant contends the jury was required to award 100% of his past medical expenses rather than the "86%" it awarded. Appellant acknowledges that a jury has broad discretion in awarding damages, and he even acknowledges that section 18.001 affidavits are not conclusive evidence of medical expenses. But, he states, when the jury found one dollar of past medical expenses was caused by the accident, it was required to award 100% of the past medical expenses. Appellant asserts that in awarding less than 100% of the past expenses, the jury improperly discounted one or more medical charges. He argues the jury could only discount the charges if evidence showed the injuries treated were caused by factors other than appellee's negligence, and no such evidence was introduced at trial. We disagree.

While the evidence showed appellant was in good health before the accident, the evidence also showed appellant did not seek treatment for the injuries he sustained in the accident until four days after the event, did not modify his activities and schedule at work despite the pain, and did not begin physical therapy until three weeks after the accident. A rational juror could infer that at least some of the treatment provided was necessitated by appellant's own actions and that there was a rational basis for their decision not to award 100% of the past medical expenses.

Given the broad discretion the fact-finder has in assessing damages and that section 18.001 affidavits serve only as "sufficient evidence to support a finding" that expenses were reasonable and necessary, we cannot conclude, on the record before us, that the jury's award was "against the

great weight and preponderance of the evidence." Although appellant asserts no combination of the medical expenses he incurred total the $7739 awarded, the award fell within the range of evidence presented at trial and we will not disregard the award simply because the jury's reasoning is unclear. *See Gulf States Util., Co v. Low*, 79 S.W.3d 561, 566 (Tex. 2002); *First State Bank v. Keilman*, 851 S.W.2d 914, 930 (Tex. App.—Austin 1993, writ denied).

We decide appellant's sole issue against him and affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

161515F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PIER ALLESINA, Appellant

No. 05-16-01515-CV          V.

MILES C. LONGSHAW, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-11149.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Miles C. Longshaw recover his costs of this appeal from appellant Pier Allesina.

Judgment entered July 5, 2018