

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00308-CV

Sruhad Sudhirbhai **PATEL**,
Appellant

v.

Janvi Atulkumar **PATEL**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI09524
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
 Luz Elena D. Chapa, Justice
 Irene Rios, Justice

Delivered and Filed: May 19, 2021

AFFIRMED

In this appeal of a divorce decree following a bench trial, Sruhad Patel argues the trial court lacked jurisdiction to make any finding on whether the marriage was entered in good faith. He also argues that the trial court made unnoticed, gratuitous additions to the final decree, and those additions violated his due process rights. Because Sruhad's arguments lack merit and fail to demonstrate reversible error, we affirm the trial court's final decree of divorce.

## BACKGROUND

Sruhad Sudhirbhai Patel and Janvi Atulkumar were married in November 2016. They stopped living together as spouses about seventeen months later. In May 2018, Sruhad filed his original petition. In his first amended original petition, Sruhad petitioned to annul the marriage, or in the alternative, petitioned for divorce. Janvi answered and filed a counterpetition for divorce.

On the second day of a bench trial, the parties agreed to a no-fault divorce, but they could not agree on the language for a final decree of divorce. After a hearing on a motion to enter judgment, the trial court rendered a final decree of divorce.

In two issues, Sruhad argues the trial court lacked jurisdiction to make a good-faith marriage finding, and the trial court denied him due process by rendering a decree with terms he found objectionable and without an opportunity to rebut them.

We begin with his issue on jurisdiction.

### JURISDICTION, NECESSITY FOR FINDINGS

In his first issue, Sruhad raises four points: the first two address the trial court's alleged improper infringement on federal immigration law; the second two address the alleged lack of necessity for the findings. We begin with the first pair of points.

### A. Jurisdiction for Immigration Findings

In his brief, Sruhad cites statutes and cases pertaining to immigration law in general. He then argues the trial court lacked jurisdiction to make "a finding of good faith under the applicable policies of United States Citizenship and Immigration Services" policies and "jurisdiction over such factual determinations rests exclusively with USCIS and not state courts."

Significantly, the decree contains no references whatsoever to any immigration statute, rule, or order, and Sruhad cites no authorities to show that a Texas district court lacks jurisdiction to make a good faith finding pertaining to Texas state law. *See* TEX. R. APP. P. 38.1(i) (requiring

"appropriate citations to authorities"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same). From the decree's plain language, we can conclude as a matter of law that it does not purport to make "a finding of good faith under the applicable policies of United States Citizenship and Immigration Services," nor does it purport to make any finding that would bind a federal court or agency.

Sruhad's arguments are unsupported and inapplicable.

## B.     Unnecessary Findings

In his second pair of points, Sruhad argues the trial court's findings were unnecessary to divorcing parties and unnecessary to resolving his petition for annulment. He also asserts that the moment he agreed to a no-fault divorce, the trial court lost jurisdiction over his annulment claim.

We disagree, and Sruhad's cited authorities are readily distinguishable. For example, in *Medrano v. Hinojosa*, we concluded that certain issues were moot because, after the briefs were filed, Medrano, Fidelity, and Deutsche Bank each stated in writing they had settled the disputes between them. No. 04-14-00913-CV, 2016 WL 3085935, at \*3 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op.). With their approval, Medrano moved to dismiss Fidelity and Deutsche Bank, and we dismissed them from the appeal. *Id.* at \*1.

Here, Sruhad did not nonsuit his annulment claim, Sruhad and Janvi did not execute a settlement agreement prior to the judgment, and Janvi did not withdraw her request for a good faith finding. *But see id.* Further, in open court and on the record, Sruhad expressly withdrew his prior consent to Janvi's proposed good faith finding and the entire decree.

Thus, if Sruhad's attempted rescission of his consent was effective, Sruhad's annulment claim was still live, and the trial court had jurisdiction to rule on the annulment claim, including finding that the marriage was entered in good faith. *See* TEX. R. CIV. P. 301 (judgments); *cf. Desta*

*v. Anyaoha*, 371 S.W.3d 596, 598, 600 (Tex. App.—Dallas 2012, no pet.) (affirming an annulment based on fraud).

On the other hand, if the annulment issue was moot when the court rendered the final decree, Sruhad provides no authorities to show the trial court was precluded from finding the marriage was entered in good faith.

A good faith finding is necessary in some cases, such as for a putative marriage or a putative spouse, *see Bailey-Mason v. Mason*, 334 S.W.3d 39, 46 (Tex. App.—Dallas 2008, pet. denied) (citing *Cardwell v. Cardwell*, 195 S.W.3d 856, 858 (Tex. App.—Dallas 2006, no pet.)) ("A putative marriage is one entered into in good faith by at least one party . . . ."), but not in others. Even if a good faith finding in this case was surplusage or dicta, Sruhad presents no authorities to show how such a finding constitutes reversible error. *See* TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment . . . ."); *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 312 n.3 (Tex. 2019).

We overrule Sruhad's first issue.

### DUE PROCESS VIOLATION

In his second issue, Sruhad complains that the trial court added "gratuitous, deeply personal, and suggestive information regarding the nature of Janvi's allegations against him" to the final decree of divorce. He insists he "was deprived of notice that those revisions would be made, and also was deprived of an opportunity to be heard regarding the propriety of including those unnecessary details in the final decree."

## A.    Additional Background

On the first day of trial, Janvi testified that she moved out of the marital home immediately after an incident where Sruhad allegedly choked and pushed her. At the beginning of the second

day of trial, the parties announced ready and Sruhad stated the parties had reached an agreement for a no-fault divorce.  The trial court advised the parties to develop an agreed divorce decree for it to sign, and "[i]f there need[] to be changes made, omissions, additions, you make your arguments on the record at the motion to enter hearing."  The parties did not agree to final language for the decree.

At the hearing on the motion to enter judgment, Sruhad sought to rescind his prior consent to the terms of the divorce because he objected to Janvi's requested finding that the marriage was entered in good faith.  Over Sruhad's objection, the trial court rendered judgment using Janvi's proposed decree, with some revisions made by the trial court.

**B.      Applicable Law**

"[L]ack of notice violates basic principles of due process."  *Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)).  "Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner."  *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).  And "in a bench trial, the judge as the trier of fact weighs the evidence, assesses the credibility of witnesses and resolves conflicts and inconsistencies."  *In re S.J.R.-Z.*, 537 S.W.3d 677, 691 (Tex. App.—San Antonio 2017, pet. denied); *In re J.M.T.*, 519 S.W.3d 258, 267 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) ("[The factfinder is] the sole judge[] of the credibility of the witnesses and the weight to give their testimony.  [It] may choose to believe one witness and disbelieve another." (footnote omitted)).

**C.    Discussion**

Referring to the trial court's revisions to Janvi's proposed decree, Sruhad does not identify the specific language he complains of, but he cites to one page of the final decree which includes two edits made by the trial court.  We interpret his argument as complaining about these two edits.

In the first, the trial court changed the ground for dissolution of the marriage from "irreconcilable differences" to "insupportability."  In the second, after the sentence that reads "[t]he parties were married on or about November 10, 2016 [in] San Antonio TX and ceased to live together as spouses on or about April 23, 2018," the trial court added "following an [incident] of alleged family violence."

*1.    Notice, Due Process*

Citing *Than*, Sruhad argues he was deprived of notice and due process regarding the trial court's revisions, but he does not further explain *how* he was denied notice or due process, and his complaint is not supported by the record.  *See Than*, 901 S.W.2d at 930.

The record conclusively establishes that Sruhad had notice of the trial and was afforded the requisite due process.  Sruhad was the petitioner, he personally appeared at trial and at the hearing on the motion to enter, he was also represented by counsel, he made no objections to lack of notice, he testified at trial, and he cross-examined Janvi.  *Cf. id.* at 931 (listing actions comprising "a high level of due process" such as notice of a hearing, right to counsel, and "a formal hearing with the opportunity to present evidence and cross-examine witnesses").  Just before the end of the second day of trial, the trial court advised the parties that, if they wanted changes to the proffered decree, they could make their arguments at the motion to enter hearing.

This is conclusive evidence that Sruhad had notice that the trial court might make revisions to the decree and notice that he would have the opportunity to argue against revisions he opposed during the motion to enter hearing.  In the hearing, the parties presented their final arguments to

the trial court. Sruhad made it unmistakably clear that he opposed a finding that the marriage was entered in good faith, and he declared he would not sign the decree. Janvi argued for the good faith finding and the trial court's jurisdiction to include it in the final decree. At the conclusion of the arguments, the trial court rendered judgment and set the terms of the final decree.[1]

Sruhad cites no authority to show that he was entitled to any additional notice of the trial court's edits to the final decree or some additional process to review the final decree of divorce before the trial court rendered it. *Cf.* TEX. R. CIV. P. 301 (requiring the judgment to, inter alia, "conform to the pleadings, the nature of the case proved" and "give the party all the relief to which [the party] may be entitled"), *id.* R. 305 (party-proposed judgment); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (recognizing the trial court's plenary power to change its judgment even after it is final).

We conclude Sruhad failed to show that he was deprived of any requisite notice or that he was denied any requisite due process in the trial court's rendering a final decree of divorce.

### 2. Gratuitous, Suggestive Information

Under direct examination by Sruhad's counsel, Janvi testified to two incidents where Sruhad physically assaulted her, and she alleged the insupportability of the marriage. As the factfinder, the trial court was free to believe Janvi's testimony. *See In re S.J.R.-Z.*, 537 S.W.3d at 691; *In re J.M.T.*, 519 S.W.3d at 267. Given there was evidence to support its findings,[2] the trial court was free to include the ground of insupportability and the incident of alleged family violence

---

[1] In the hearing, the trial court referred to an "agreed final decree of divorce" three times, but the context makes it clear that the parties had not agreed to the language for a final decree. Further, the written decree—which controls over the trial court's oral statements—does not state or otherwise indicate that it was an agreed decree. *See In re I.L.*, 580 S.W.3d 227, 244 (Tex. App.—San Antonio 2019, pet. dism'd) ("[I]n civil cases, when a trial court's oral pronouncement conflicts with a written judgment, the written judgment prevails." (alteration in original) (quoting *Tamuno Ifiesimama v. Haile*, 522 S.W.3d 675, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. denied))).

[2] On the matter of alleged family violence, the record does not show Sruhad specially excepted to Janvi's pleadings, and his brief does not challenge the legal or factual sufficiency of the evidence supporting the trial court's findings.

in the final decree. *Cf. BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (requiring sufficient evidence to support findings).

We overrule Sruhad's second issue.

## CONCLUSION

For the reasons given above, we conclude Sruhad's arguments against the trial court's good faith marriage finding and its alleged denial of due process lack merit. Because Sruhad failed to show how the trial court committed reversible error, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice