*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

No. 04-08-00177-CV

Lawrence T. **FLACK**,
Appellant

v.

Dan H. **HANKE** and the Hanke Group, P.C., f/k/a Hanke, Green and Stein, Cox Smith
Matthews Incorporated, f/k/a Cox & Smith and f/k/a Matthews & Branscomb;
John D. Fisch; Mary Potter; Langley & Banack Incorporated  a/k/a Langley & Banack, Inc.;
Steven R. Brook; and David S. Gragg,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-12037
Honorable Lori Massey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

REVERSED AND REMANDED

The following motions are denied: (1) Appellees John D. Fisch and Mary M. Potter's

Motion for Rehearing; (2) Appellees John D. Fisch and Mary M. Potter's Motion for En Banc

Reconsideration; (3) Langley & Banack, Incorporated a/k/a Langley & Banack, Inc., Steven R.

Brook and David S. Gragg's Motion for Rehearing; (4) Langley & Banack, Incorporated a/k/a

Langley & Banack, Inc., Steven R. Brook and David S. Gragg's Motion for Rehearing En Banc;

and (5) Motion for Rehearing of Cox Smith Matthews Incorporated. This court's opinion and judgment dated May 27, 2009, are withdrawn, and this opinion and judgment are substituted. We substitute this opinion to clarify our analysis and to address the argument relating to the alleged retroactive application of the 2003 amendments to section 33.004(e).

This appeal stems from a summary judgment in favor of, and an order striking the designation of, Steven R. Brook, David S. Gragg, and Langley & Banack, Incorporated a/k/a Langley & Banack, Inc. and Cox Smith Matthews Incorporated f/k/a Cox & Smith and f/k/a Matthews & Branscomb, John D. Fisch and Mary M. Potter as responsible third parties. Appellant Lawrence T. Flack asserts the trial court erred in granting: (1) summary judgment in favor of the appellees, and (2) Langley & Banack's motion to strike its designation as a responsible third party. We reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

### FACTUAL BACKGROUND

Appellant Flack hired Dan H. Hanke and the Hanke Group, P.C., f/k/a Hanke, Green, and Stein (collectively Hanke) to create an employee stock ownership plan (ESOP) in Flack Interiors and to sell Flack's stock in the business to the ESOP. The stock plan subsequently purchased Flack's stock with loans from Frost National Bank, but Flack Interior's poor financial performance quickly caused Frost to demand that the loans be restructured. In April of 2000, Flack purchased the restructured loans from Frost and became the business's primary lender.

Upon the advice of Hanke, Flack then hired Langley & Banack, Incorporated, along with attorneys Steven R. Brook and David S. Gragg, (collectively Langley & Banack) to represent Flack in connection with Flack Interior's 2004–2005 bankruptcy proceeding. On February 7, 2005, the bankruptcy court approved a settlement agreement resolving Flack's claims regarding his

financial dealings with the ESOP. A few months later, Flack sued Hanke for negligent advice regarding the creation of the ESOP and the restructuring of the loans. More than two years later, Flack joined Langley & Banack in the suit. Flack asserted that he suffered a monetary loss due to Langley & Banack's failure to maximize collateral in the bankruptcy.

In June 2004, on Hanke's advice, Flack hired Cox Smith Matthews Incorporated f/k/a Cox & Smith and f/k/a Matthews & Branscomb, including attorneys John D. Fisch and Mary M. Potter, (collectively Cox Smith) for advice regarding Flack's sale of the business, the ESOP, and the loans. More than two years following the initial suit against Hanke, Flack also joined Cox Smith in the lawsuit.

## PROCEDURAL HISTORY

Flack filed suit against Hanke on July 26, 2005, alleging breach of fiduciary duties, negligence, and violation of the Texas Deceptive Trade Practices Act in connection with the sale of his stock in Flack Interiors, Inc. and certain real property. In July 2007, Flack reached a settlement agreement with Hanke which required Hanke to agree to a new trial setting and to designate both Langley & Banack and Cox Smith (jointly Appellees) as responsible third parties (RTPs). In short, through the settlement agreement, Flack and Hanke agreed: (1) to amend the scheduling order because the deadline to add new parties had passed; (2) Hanke would file a designation of RTPs and secure an agreed order granting the designation; (3) Flack would file a motion to join the RTPs as defendants and secure an order granting the joinder; and (4) the parties would file a motion to dismiss Hanke and secure an order of dismissal. Moreover, each step was to be completed in accordance with a timeline provided in the settlement documents. Attached to the agreement were the necessary pleadings to effectuate the settlement, signed by the parties, and ready to be filed in keeping with the timetable.

In accordance with the settlement agreement, on July 27, 2007, Hanke filed Defendants' Motion for Leave to Designate Responsible Third Parties pursuant to Texas Civil Practice and Remedies Code section 33.004. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008). The trial court granted the motion and approved the designation pursuant to an agreed order. Shortly thereafter, Flack and Hanke filed an Agreed Motion to Add Third Parties, also signed by the trial court, joining each of the Appellees as defendants. On August 1, 2007, the trial court signed an agreed order dismissing Flack's claims against Hanke pursuant to a previously executed compromise and settlement agreement between the parties. The following day, Flack filed Plaintiff's Second Amended Original Petition asserting claims of negligence and breaches of fiduciary duty against the Appellees.

Each of the Appellees subsequently filed a general denial and affirmative defenses including a limitations defense. Additionally, all of the Appellees filed traditional motions for partial summary judgment based on limitations, and Langley & Banack filed a motion to strike its designation as a responsible third party. On February 21, 2008, the trial court considered and granted summary judgment in favor of Appellees based on limitations and granted Langley & Banack's motion to strike. The trial court entered final judgment on February 22, 2008. To understand Flack's objections to the trial court's judgment, a brief review of section 33.004 of the Civil Practice and Remedies Code is necessary.

## TEXAS CIVIL AND PRACTICE REMEDIES CODE CHAPTER 33

In 2003, the Texas Legislature revised the Texas Civil Practice and Remedies Code to change from a joinder procedure to a designation procedure for inclusion of responsible third parties in the apportionment of responsibility. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.02–.04, secs. 33.003–.004, 2003 Tex. Gen. Laws 847, 855-56 (codified at TEX. CIV. PRAC. &

REM. CODE ANN. §§ 33.003–.004) (West 2008)).  The 2003 amendments to section 33.004 significantly changed the procedures for apportioning responsibility to third parties.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a), (h) (West 2008).

After the 2003 amendments became effective, the defendant need only file a motion for leave to designate an RTP sixty days prior to trial and, absent objection by another party, the trial court must grant leave to designate the RTP.  TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a), (f) (West 2008).  The granting of leave to designate an RTP does not, absent joinder as a defendant, impose liability on the RTP and may not be used in other proceedings on the basis of res judicata or collateral estoppel.  *Id.* § 33.004(i).  Additionally, the statute allows parties who could never have been sued, as well as unknown parties, to be designated as RTPs.  *Id.* § 33.004(i), (j), (k). The statute further provides that joinder is not prohibited "even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."  *Id*. § 33.004(e).

Although generally regarded as a defense-oriented statute, plaintiffs benefit from Section 33.004's erosion of the limitations defense.  *See id.* § 33.004(e).  Section 33.004(e) creates the potential to revive otherwise barred claims against a designated RTP.  This procedure may result in the plaintiff collaborating with a defendant to join additional tortfeasors.  For example, section 33.004(e) allows a plaintiff to sue a defendant with little or no liability, and that defendant may then designate the true tortfeasor as an RTP.  *Id*.  The plaintiff subsequently may join the true tortfeasor, avoid a limitations defense, and nonsuit the original defendant.  *Id*.; *see also* Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH L. REV. 1125, 1182 (2004) ("A plaintiff who misses limitations as to one joint tortfeasor can easily suggest to another joint tortfeasor that it should invoke the responsible-third-

party device—perhaps even offer that tortfeasor some inducement to do so—and then enjoy a new sixty-day window of opportunity to sue the responsible third party.").

Finally, although Chapter 33 provides for the liberal designation of RTPs, the chapter allows a party to challenge the sufficiency of the evidence supporting the designation of an RTP. The trial court must grant a party's motion to strike the designation of an RTP unless the defendant produces sufficient evidence to raise a genuine issue of fact as to the RTP's responsibility. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l) (West 2008).

### MOTIONS FOR SUMMARY JUDGMENT

All of the Appellees filed traditional motions for summary judgment urging the two-year statute of limitations barred Flack's recovery. In response to Flack's assertion that section 33.004(e) defeated their limitations defense, Appellees urged they were improperly joined.

### A. Standard of Review

The standard of review for a traditional summary judgment is well established: (1) the movant must show "that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) [i]n deciding whether there is a disputed material fact issue precluding summary judgment," the court must take "evidence favorable to the non-movant . . . as true"; and (3) the court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on each challenged element. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Additionally, a "defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense." *Long Distance Int'l, Inc. v. Telefonos de Mex., S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex. 2001).

**B. Grounds for Summary Judgment**

The motions for summary judgment were all based, in part, on the affirmative defense of limitations. Appellees assert that Flack's claims of negligence are barred by the two-year statute of limitations because the claims were filed approximately three years after the day the cause of action accrued.[1] "The statute of limitations on professional negligence claims against lawyers is two years." *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied); *accord* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002); *Parsons v. Turley*, 109 S.W.3d 804, 807 (Tex. App.—Dallas 2003, pet. denied). Therefore, Appellees argue that Flack, as the non-movant, was required to bring forth evidence raising a fact issue as to whether the statute of limitations should apply. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002); *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). Flack responds that section 33.004(e) of the Civil Practice and Remedies Code defeats Appellees' limitations claim. We agree.

*1. Timeliness*

The claims against Appellees were timely filed in accordance with section 33.004(e) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e) (West 2008). Section 33.004(e) provides:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

*Id.* Here, the claims were timely because Appellees were joined as defendants within sixty days of Hanke's designation of Appellees as responsible third parties.

---

[1] Appellees further argued that Flack and Hanke were perpetrating a fraud upon the court.

*2. Settling Persons*

Appellees argue that their limitations defense is not defeated by section 33.004(e) because Hanke was a settling party and not a defendant; therefore, his designation of RTPs was improper. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (West 2008). Flack counters that a plain reading of the statute does not preclude such a designation and joinder. Section 33.011 provides:

> (2) "Defendant" includes any person from whom, at the time of the submission of the case to the trier of fact, a claimant seeks recovery of damages.
>
> . . . .
>
> (5) "Settling person" means a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought.
>
> (6) "Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id.* § 33.011(2), (5), (6); *see also In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Flack contends the foregoing definitions are not mutually exclusive.

### a. Agreement to Designate RTPs

There is no question that Hanke's designation of Appellees as RTPs, and ultimately their joinder by Flack, was clearly part of the settlement agreement between Flack and Hanke. The case was set for trial on November 5, 2007, and the trial court granted the Agreed Motion for Leave to Designate Responsible Third Party pursuant to an Agreed Order on July 27, 2007, well before the sixty-day requirement of section 33.004(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (West 2008). Absent an objection by any party to the suit, the trial court was required to grant the

request. *Id.* By granting a motion for leave to designate a person as an RTP, the person is designated as a responsible third party without further action by the trial court or any party. *Id.* § 33.004(h); *Tex. Dep't of Pub. Safety v. Boswell*, No. 13-06-327-CV, 2007 WL 2471447, at *3 n.3 (Tex. App.—Corpus Christi Aug. 31, 2007, no pet.) (mem. op.).

Hanke designated Appellees as RTPs after Flack's claims against each of the Appellees would have been barred by limitations. After a *defendant* designates an RTP, section 33.004(e) allows the plaintiff to join the RTPs, regardless of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e) (West 2008); *id.* § 16.003(a) (West 2002) (establishing a two-year limitations period for various causes of action). We must, therefore, determine whether Hanke was a defendant when the RTP designation was made.

### b. *Effect of Settlement on Hanke's Status in the Suit*

Flack and Hanke signed the settlement agreement on July 23, 2007, four days before the trial court's order designating RTPs. Based on the signed settlement agreement, at the time of the designation, Hanke was clearly a settling person under section 33.011. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (West 2008). Nothing in Chapter 33, however, precludes a party from being both a defendant and a settling person, and Appellees have not provided any authority to the contrary. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 33 (West 2008); *Kimbrell v. Molinet*, No. 04-08-00379-CV, 2008 WL 5423131, at *3 (Tex. App.—San Antonio Dec. 31, 2008, pet. granted) (mem. op.) (Simmons, J., concurring). As such, because Flack had neither filed, nor taken, a nonsuit against Hanke, Hanke was both a settling person and a defendant under section 33.011. Hanke was still a defendant at the time Appellees were designated as RTPs, and summary judgment cannot be sustained based on limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008).

### 3. Pleading Requirements within Section 33.004

Appellees Fisch and Potter next argue that Hanke's motion to designate RTPs did not meet the pleading requirements implicit in the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f) (West 2008).[2] No party, however, filed an objection in accordance with section 33.004(f). *See id.* ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."). Absent a timely objection, Fisch and Potter waived any objection to Hanke's motion for leave to designate RTPs. Thus, the trial court's grant of summary judgment in favor of Fisch and Potter cannot be sustained based on insufficient pleading.

### 4. Unconstitutional Retroactive Application of Section 33.004(e)

As Appellees point out, it well-settled law that the non-movant is required to negate on appeal any grounds upon which the trial court could have rendered judgment. *See Malooly Bros., Inc. v. Napier*, 461 S. W. 2d 119, 121 (Tex. 1970); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.). Absent such action by the non-movant, an appellate court will affirm the summary judgment if any one of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). We therefore must address whether in his original briefing Flack failed to address the summary judgment ground relating to the unconstitutionality of the retroactive application of section 33.004(e). More specifically, the summary judgment argument that any claims that Flack may have had against Fisch and Potter were already barred by the statute of limitations before the 2003 amendments took effect.

---

[2] Fisch and Potter contend that sections 33.004(g)(1) and (2) imply a pleading requirement because the trial court may refuse to grant leave to designate an RTP if the "defendant failed to plead sufficient facts concerning the alleged responsibility of the person." However, we note section 33.004(g) is predicated on "an objection to the motion for leave [being] timely filed." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008).

An appellate court is required to construe a party's brief liberally. TEX. R. APP. P. 38.9; *see also Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); *Ditta v. Conte*, 298 S.W.3d 187, 189–90 (Tex. 2009) (construing petitioner's brief liberally to contain argument that it did not expressly contain because it contained similar and related arguments). Instead of using the term "retroactive constitutionality" as the Appellees do, Flack couches the argument in terms of "applicability." Flack argues the Appellees were properly joined as defendants under section 33.004(e). Moreover, at the beginning of Flack's brief, he sets out the two issues raised in the summary judgment motions as (1) the case was filed after limitations ran; and (2) "application of Texas Civil Practice & Remedies Code § 33.004(e) to this case would violate the Texas Constitutional prohibition against retroactive laws." Flack further argues "the Court should have in all things denied Defendant's Motion for Summary Judgment." "In order to see that 'a just, fair[,] and equitable adjudication of the rights of the litigants' is obtained," this court is mandated to broadly construe Flack's issues to "encompass the core question" of whether a retroactive constitutional violation occurred. *See Ditta*, 298 S.W.3d at 190 (internal citations omitted). Accordingly, we conclude, after reviewing Flack's entire brief, the argument is preserved for appellate review.

Substantively, Appellees contend that section 33.004(e) is an unconstitutional application of an extended limitations period in this case because their dealings with Flack were concluded before the statute was implemented and, thus, extending the statute of limitation in this case would be an impermissible retroactive application. *See Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999), (reaffirming "settled law" that, "after a cause has become barred by the statute of limitation, the defendant has a vested right to rely on such statute as a defense.") (citing *Wilson v. Work*, 122 Tex. 545, 62 S.W.2d 490, 490 (1933)). On appeal, Appellees suggest that all of their dealings with Flack were concluded in the 1990s, and any limitations period would have

run prior to the enactment of the 2003 amendments to Chapter 33. *See also Mann v. Jack Roach Bissonnet, Inc.*, 623 S.W.2d 716, 718–19 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) (holding that legislature cannot extend limitations period for claims that are already time-barred). Yet, in their motions for summary judgment, the Appellees concede that their dealings with Flack continued until as late as June of 2004, when the bankruptcy was filed. There is no other date relied upon in their motion for summary judgment. *See In re A.D.*, 73 S.W.3d 244, 247–49 (Tex. 2002) (holding that statute would be an unconstitutional, retroactive law if it destroyed a vested right by eliminating a matured statute-of-limitations defense, but concluding that statute in question did not do so). Accordingly, because *Appellees'* pleadings before the trial court support that Flack's claims arose after the enactment of the 2003 amendments to Chapter 33, we conclude that the trial court erred in granting the motion for summary judgment based on retroactive application. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008).

### 5. Public Policy

Appellees additionally argue that they were designated as RTPs solely to "try and wash out their limitations defense."[3] Although this appears to be true, the statute does not specifically preclude such designations based on the intent of the designor. *See id.* § 33.004. Appellees further assert their designations as RTPs were unrelated to the purpose of section 33.004 and were nothing more than an attempt to manipulate the process and circumvent statutory limitations. More specifically, Cox Smith points out that Flack's and Hanke's settlement did not resolve the litigation, but actually promoted a brand new suit against the lawyers. *See Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992) ("[W]e do not favor settlement arrangements that skew the trial process, mislead the jury, promote unethical collusion among nominal adversaries, and create the

---

[3] This argument is contained in Langley & Banack's motion for summary judgment that was adopted by the other appellees.

likelihood that a less culpable defendant will be hit with the full judgment."). However, because Hanke was both a settling party and a defendant in Flack's lawsuit, the designations were proper under Chapter 33. Thus, the trial court had no discretion to deny the designation of Appellees as responsible third parties under the statute.

Accordingly, because section 33.004 provides that a properly designated responsible third party may be joined regardless of limitations, the trial court erred in granting the motions for partial summary judgment based on limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008).

## MOTION TO STRIKE DESIGNATION OF RESPONSIBLE THIRD PARTIES

In addition to its motion for summary judgment, the trial court also granted Langley & Banack's Motion to Strike Responsible Third Parties.[4] Langley & Banack claim that it was not a proper RTP because it was not responsible for a portion of the injury or damage resulting from Hanke's poor advice. Furthermore, the statute requires "a defendant [to] produce[] sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility," *Id*., and Hanke was no longer in the case to present evidence. Thus, Langley & Banack contend that under section 33.004(l), the motion to strike was properly granted because there was no evidence produced that Langley & Banack was responsible for a portion of Flack's alleged injury or damage.

Flack responds that Langley & Banack's motion to strike became moot when Langley & Banack was joined as a defendant and lost its status as an RTP. Once Langley & Banack was

---

[4] Although Appellees Cox Smith and Appellees Fisch and Potter argue the trial court properly granted the motion to strike, only Langley & Banack filed a motion to strike in the trial court. Therefore, any issue raised or briefed by Cox Smith or Fisch and Potter relating to the motion to strike *their* designation as responsible third parties was not preserved for appeal. *See* TEX. R. APP. P. 33.1(a) ("[T]he record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion . . . .").

joined in the suit, it could only contest its status as a defendant—not its prior designation as an RTP.

## A. Standard of Review

According to section 33.004(l), the movant has the burden to show there is no genuine issue of material fact regarding the designated person's responsibility for the claimant's injury. Whether the proof establishes as a matter of law that there is no genuine issue of fact is a question of law reviewed de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)) (reviewing a summary judgment de novo); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) ("[W]hether undisputed evidence of jurisdictional facts establishes . . . jurisdiction is . . . a question of law.").

## B. Analysis

This is a case of first impression. The parties have cited no authority for their arguments, and our search has likewise yielded no results. We, therefore, turn to the plain meaning of the statute. *Fireman's Fund County Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768–69 (Tex. 2000). In construing the statute, we look to the plain meaning of the words used in the statute in our "attempt to give effect to the Legislature's intent." *Id.* Moreover, "[w]e read every word, phrase, and expression in a statute as if it were deliberately chosen, and presume the words excluded from the statute are done so purposefully." *USA Waste Servs. of Houston, Inc. v. Strayhorn*, 150 S.W.3d 491, 494 (Tex. App.—Austin 2004, pet. denied); *see also Cities of Austin, Dallas, Fort Worth, & Hereford v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002) (reiterating that an appellate court begins with the words used by the Legislature).

Section 33.004(l) provides:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l). The statute anticipates that a party may move to strike the designation of an RTP. Generally, the party moving to strike would be the plaintiff seeking to remove an RTP from before the jury when there is no evidence the particular RTP bore any responsibility for the plaintiff's injury.[5] In response, the defendant typically would be the party seeking to retain the RTP in the jury charge to diminish his potential liability and perhaps eliminate any joint and several liability. Thus, to retain the RTP, the statute provides the "defendant" must produce sufficient evidence to raise a fact issue regarding the RTP's responsibility to the claimant. Notably absent from section 33.004 is any method for the RTP to object to its own designation. According to the statute, only a party may object to the designation and move to strike the designation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f), (g), (l) (West 2008).[6] With this general construct in mind, we review the parties' differing interpretations of the statute.

At the time Langley & Banack filed its motion to strike itself as an RTP, it was a defendant in the lawsuit and therefore a party. But Langley & Banack was no longer an RTP, and thus, no longer subject to being stricken under section 33.004(l). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l). Langley & Banack cannot use its status as a defendant to strike its former designation

---

[5] This is the only means available to a plaintiff to remove an objectionable RTP. Procedures such as summary judgment are unavailable because the RTP is not a party to the suit. Notably, the plaintiff would seek to dismiss an RTP because asking the jury to determine the RTP's percentage of responsibility potentially diminishes the named defendant's percentage of fault.

[6] The RTP has limited rights regarding its designation presumably because the designation or finding of fault against the RTP does not, absent joinder as a defendant, impose liability or responsibility on the RTP and may not be used in other proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(i).

as an RTP. Such a theory would require Langley & Banack to define itself as both a defendant and an RTP at the same time. This interpretation of the statute conflicts with its plain wording and renders the statute unworkable. *See Cities of Austin, Dallas*, 92 S.W.3d at 442. As Langley & Banack points out, in response to a motion to strike, the statute requires a defendant to produce sufficient evidence to raise a genuine issue of fact. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l). Certainly, the defendant in this case would not be Hanke because he no longer was a defendant when the motion to strike was filed. It would be illogical to assume Langley & Banack, as a defendant, would raise an issue against the motion it filed. Such an interpretation would permit defendants to re-litigate their designation of RTPs—which the statute does not permit.

There are other procedures available for a defendant such as Langley & Banack to assert that there is no evidence that it "is responsible for any portion of the claimant's alleged injury or damage" and thereby obtain a dismissal from the suit. *See id.* The trial court may grant a no-evidence summary judgment under Rule 166a(i) when there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The similarity in language between section 33.004(l) and a no-evidence summary judgment is not coincidental. S*ee* Elaine A. Carlson, *Tort Reform: Redefining the Role of the Court and the Jury*, 47 S. TEX. L. REV. 245, 263 (2005); Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH. L. REV. 1125, 1182 (2004). As a defendant, Langley & Banack's claim that there is no evidence of its responsibility is not properly asserted by contesting its designation as an RTP, but may be asserted by a no-evidence motion for summary judgment thereby requiring Flack to present some evidence of Langley & Banack's responsibility. *See* TEX. R. CIV. P. 166a(i).

Accordingly, because Langley & Banack was no longer a designated RTP, but was instead a party to the lawsuit, the trial court had no discretion but to deny Langley & Banack's motion to strike its designation as a responsible third party.

## CONCLUSION

The motion to designate responsible third parties was timely filed by Hanke without objection. Nothing in Chapter 33 of the Texas Civil Practice and Remedies Code prevents a party from being both a defendant and a settling person. Thus, Hanke's designation of Appellees as responsible third parties was in accordance with section 33.004. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.004(a); 33.011 (West 2008). Because Appellees were properly designated RTPs, Flack was not barred by limitations from joining Appellees as defendants and the trial court erred in granting Appellees' motions for partial summary judgment based on limitations. Additionally, because Langley & Banack was no longer an RTP under section 33.004, but was a defendant, the trial court erred in granting Langley & Banack's Motion to Strike Responsible Third Parties.

We, therefore, reverse the judgment of the trial court and remand this matter for proceedings consistent with this opinion.

Rebecca Simmons, Justice