ACCEPTED
01-15-00877-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 4:57:57 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00877-CV

_____

**IN THE COURT OF APPEALS**
**FOR THE FIRST DISTRICT OF TEXAS**
**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 4:57:57 PM
CHRISTOPHER A. PRINE
Clerk

_____

**IN RE CVR ENERGY, INC., CVR PARTNERS, LP, CVR REFINING, LP,**
**GARY-WILLIAMS ENERGY COMPANY, LLC**
**RELATORS**

_____

Original Proceeding
From the 434th Judicial District Court of Fort Bend County, Texas
Cause No. 2013-DCV-209679
The Honorable James H. Shoemake, Presiding

_____

**REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS**

_____

Phillip D. Sharp
State Bar No. 18118680
MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile
*sharp@mdjwlaw.com*

Lee M. Smithyman
Kansas State Bar No. 09391
SMITHYMAN & ZAKOURA, CHARTERED
750 Commerce Plaza II Building
7400 West 110th Street
Overland Park, Kansas 66210-2362
(913) 661-9800 – Telephone
(913) 661-9861 – Facsimile
*lee@smizak-law.com*

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS............................................................................................i

TABLE OF AUTHORITIES ................................................................................. ii

I. THE PARTIES ARE IN AGREEMENT THAT THE ISSUES ARE RIPE FOR REVIEW BY MANDAMUS.....................................................2

II. THE RECORD ESTABLISHES THE RELATORS COMPLIED WITH THEIR OBLIGATIONS UNDER THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND THE TEXAS DISCOVERY RULES.................................................................................3

    A. Relators Owed No Obligation To Disclose That Wynnewood May Be Designated As A Responsible Third Party While Wynnewood Was A Party Defendant. .................................3

    B. Disclosure Of A Responsible Third Party Need Not Occur Before The Statute Of Limitations Has Run To Be Timely. ...............7

III. REAL PARTIES IGNORE THE FACT THAT THE STATUTE OF LIMITATIONS HAS NOT EXPIRED ON ROGAN SMITH'S CLAIMS. .........................................................................................9

IV. THE RELATORS' RECORD INCLUDES ALL DOCUMENTS NECESSARY AND MATERIAL TO THE RELATORS' CLAIMS FOR RELIEF. ....................................................................................11

V. RELATORS' INTERPRETATION OF SECTION 33.004(d) PROMOTES THE LEGISLATURE'S INTENT, PURPOSE, AND OBJECTIVES.................................................................................13

PRAYER .............................................................................................................17

CERTIFICATE OF COMPLIANCE...................................................................19

CERTIFICATE OF SERVICE ...........................................................................19

i

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Avila v. St. Luke's Lutheran Hosp.*,
    948 S.W.2d 841 (Tex. App.—San Antonio 1997,
    writ denied) ............................................................................................10

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*,
    996 S.W.2d 864 (Tex. 1999) ........................................................................6

*Flack v. Hanke*,
    334 S.W.3d 251 (Tex. App.—San Antonio 2010,
    pet. denied) .......................................................................................3, 5, 15

*Hernandez v. Bumbo (Pty.) Ltd.*,
    2014 WL 924238 (N.D. Tex. Mar. 10, 2014) .......................................16

*In re Taymax Fitness, LLC,*
    2014 WL 1831100 (Tex. App.—San Antonio, May 7, 2014,
    orig. proceeding) ...........................................................................................6

*Lehmann v. Har-Con Corp.*,
    39 S.W.3d 191 (Tex. 2001) .......................................................................13

*Phi Van Cao v. Hardy*,
    352 S.W.3d 218 (Tex. App.—Houston [14th Dist.] 2011,
    no pet.) ..........................................................................................................2, 13

*Spencer v. BMW of N. Am., LLC,*
    2015 WL 1529773 (W.D. Tex. April 2, 2015) ................................7, 9

*Tex. Health Enters., Inc. v. Geisler*,
    9 S.W.3d 163 (Tex. App.—Fort Worth, pet. dism'd) .........................10

*Villarreal v. Wells Fargo Brokers Svcs., LLC,*
    315 S.W.3d 109 (Tex. 2010) .........................................................................8

*Withers v. Schneider Nat'l Carriers, Inc.*,
  13 F. Supp. 3d 686 (E.D. Tex. 2014) ...............................................................7, 8

**Statutes**

OKLA. STAT. ANN. TIT. 85A,
  § 5 ..................................................................................................................16

TEX. CIV. PRAC. & REM. CODE
  § 33.003 ...........................................................................................................14

TEX. CIV. PRAC. & REM. CODE
  § 33.004 .............................................................................................................5

TEX. CIV. PRAC. & REM. CODE
  33.003(a)(1) ......................................................................................................11

TEX. CIV. PRAC. & REM. CODE
  § 33.004(a) .........................................................................................................5

**Other Authorities**

BLACK'S LAW DICTIONARY,
  706 (2d Pocket Ed. 2001) ..................................................................................6

**Rules**

TEX. R. APP. P.
  52.7 ..................................................................................................................11

TEX. R. APP. P.
  52.7(b) ..............................................................................................................12

TEX. R. CIV. P.
  193.5(b) ..............................................................................................................9

TEX. R. CIV. P.
  194.2 .............................................................................................................4, 11

TEX. R. CIV. P.
  194.2(l) ...........................................................................................................4, 6

TEX. R. CIV. P.
  194.4 ..................................................................................................................7

**TO THE HONORABLE COURT OF APPEALS**:

The trial court should have granted Relators' motion to designate Wynnewood Refining Company, LLC ("Wynnewood") as a responsible third party because the motion and the identification of Wynnewood as a responsible third party were timely. The motion and designation were made 26 days after the nonsuit of Wynnewood as a defendant by the Real Parties in Interest ("Real Parties") and more than 60 days prior to trial in this matter. The only reasonable interpretation of section 33.004(d) in the context of the Texas Proportionate Responsibility Act (TEX. CIV. PRAC. & REM. CODE § 33.001, et seq.) is that a defendant party owes no obligation to disclose in discovery that co-defendant parties may be designated as responsible third parties. One is either a party or a third party – it is impossible to be both simultaneously. This interpretation conforms to the history and intent of the Proportionate Responsibility Act. It conforms to simple common sense, and it eliminates the present gamesmanship of nonsuiting Wynnewood *after* the statute of limitations expired, while complaining 26 days later of Wynnewood's responsible third party designation because the statute of limitations would protect Wynnewood from legal liability if it were renamed as a defendant.

Real Parties certainly understood at the time of the nonsuit that the statute of limitations had run to effectively bar resumption of Wynnewood as a party

1

defendant. Having nonsuited Wynnewood some six months after the statute of limitations ran and nineteen months after Wynnewood was named as a defendant in their Original Petition, Real Parties should not be heard to complain when Relators named Wynnewood as a responsible third party 26 days later. To argue that the motion to designate should be denied due to the statute of limitations is to indulge in the very "gamesmanship and chicanery" of which Real Parties complain. Response at 34. The fact that Wynnewood was at all times immune by operation of the Oklahoma Workers' Compensation Act -- from Real Parties' institution of suit on September 30, 2013 through present -- highlights the gamesmanship at issue. The trial court's failure to sustain the Relators' third party designation motion was an abuse of discretion because it contravened section 33.004(d) as a matter of law.

## I. THE PARTIES ARE IN AGREEMENT THAT THE ISSUES ARE RIPE FOR REVIEW BY MANDAMUS.

The Real Parties recognize that the issue presented by Relators' petition to this court is subject to mandamus review. *See* Response at 12-13. Further, the parties agree that the trial court's legal conclusion regarding the motion for leave is subject to a de novo review by this Court. Response at p. 13; *see also Phi Van Cao v. Hardy*, 352 S.W.3d 218, 220 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding legal issues are subject to de novo review).

2

However, the Real Parties state that "this is a case of first impression." Response at p. 11. It is not. The San Antonio court of appeals has addressed the dispositive issue in this matter holding that a party defendant cannot be, under the plain meaning of the terms, simultaneously a party defendant and a responsible third party. *See Flack v. Hanke*, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied). Under the holding in *Flack* the trial court clearly abused its discretion. See *id*.

## II. THE RECORD ESTABLISHES THE RELATORS COMPLIED WITH THEIR OBLIGATIONS UNDER THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND THE TEXAS DISCOVERY RULES.

### A. Relators Owed No Obligation To Disclose That Wynnewood May Be Designated As A Responsible Third Party While Wynnewood Was A Party Defendant.

The Real Parties' primary contention is that the trial court properly denied Relators' motion for leave because, they argue, the Relators failed to comply with their obligation under section 33.004(d) of the Texas Civil Practice and Remedies Code to disclose that Wynnewood may be a potentially responsible third party before the statute of limitations had run as to some, but not all, of the wrongful death beneficiaries in the underlying lawsuit. *See* Response at 16-18. That is simply incorrect.

Section 33.004(d) of the Texas Civil Practice & Remedies Code provides:

A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable

3

limitations period on the cause of action has expired with respect to the responsible third party **if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure**.

TEX. CIV. PRAC. & REM. CODE § 33.004(d) (emphasis added). Thus, the issue is whether the Relators owed any "obligation" to disclose that Wynnewood "may be designated as a responsible third party" prior to May 19, 2015, the date the Relators supplemented their disclosures. *See*. R.R. Tab 11 at Ex. A. They did not.[1]

Under rule 194.2 of the Texas Rules of Civil Procedure, a party is required to provide, upon request, "the name, address, and telephone number of any person who may be designated as a responsible third party." TEX. R. CIV. P. 194.2(l). So, further distilled, the issue is whether Wynnewood was a "responsible third party" that the Relators were required to disclose prior to the Real Parties' non-suit of

---

[1] The evidence in the record shows that the Real Parties, in their original petition, requested that Relators (and Wynnewood, which the Real Parties were suing at that time), "disclose the information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). On December 30, 2013, while Wynnewood was a party defendant in the underlying lawsuit, the Relators served their responses to the request for disclosure, advising, relative to responsible third parties, that they were aware of "[n]one at this time." Supp. R.R. Tab 18 at Plaintiff's Ex. 4. Approximately sixteen months later, on April 22, 2015, the Real Parties non-suited and dismissed their claims against Wynnewood. R.R. Tab 14. Less than one month later, on May 19, 2015, the Relators amended their responses to the Real Parties request for disclosure and advised that Wynnewood may be designated as a responsible third party. R.R. Tab 11, Ex. A.

4

their claims against Wynnewood.  It was not and no disclosure was required at that time.

Under the Texas Civil Practice and Remedies Code, in every tort case the jury is to determine the percentage responsibility for:

> (1)    each claimant;
> (2)    each defendant;
> (3)    each settling person; and
> (4)    each responsible third party who has been designated under Section 33.004.

TEX. CIV. PRAC. & REM. CODE § 33.004(a).  Texas courts recognize that each category ("claimant," "defendant," "settling person," and "responsible third party") is mutually exclusive, and a person may not be both a "defendant" and a "responsible third party." *Flack v. Hanke*, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied).  Indeed, in *Flack* the San Antonio court of appeals was asked to consider the precise issue of whether a defendant may be simultaneously a defendant and responsible third party.  *Id*.  It held that one could not be, noting:

> At the time Langley & Ranack filed its motion to strike itself as an RTP, it was a defendant in the lawsuit and therefore a party.  **But Langley & Banack was no longer an RTP** . . . Langley & Banack cannot use its status as a defendant to strike its former designation as an RTP.  **Such a theory would require Langley & Banack to define itself as both a defendant and an RTP at the same time.  This interpretation of the statute conflicts with its plain wording and renders the statute unworkable.**

*Id*. (emphasis added).  A person simply cannot simultaneously be both a "defendant" and a "responsible third party."  *See id*.  Accordingly, a party

5

responding to requests for disclosure can have no obligation under the rules of civil procedure to identify a currently named defendant as a "responsible third party" pursuant to rule 194.2(l). *See id.*[2]

Moreover, such an interpretation comports with the plain meaning of the term "third party." Black's Law Dictionary defines the term "third party" to mean "*One who is not a party to a lawsuit*, agreement, or other transaction but who is somehow involved in the transaction; *someone other than the principal parties*." BLACK'S LAW DICTIONARY, 706 (2d Pocket Ed. 2001) (emphasis added); *see also http://www.merriam-webster.com/dictionary/third%20party* (defining "third party" as "someone who is not one of the two main people involved in a legal agreement but who is still affected by it in some way.") To hold that a party defendant is also a "responsible third party" renders the term "third party" meaningless which makes it an unreasonable construction of the statutory language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) ("it is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'). Accordingly, the Relators could

---

[2] After *Flack* was decided, the San Antonio court of appeals decided *In re Taymax Fitness, LLC,* 2014 WL 1831100 (Tex. App.—San Antonio, May 7, 2014, orig. proceeding), which held that a trial court did not abuse its discretion by denying a motion for leave to designate a defendant as a responsible third party. In dissent, Justice Karen Angelini, who sat on the Flack panel but did not author the opinion, noted that she did not understand *Flack* to hold that a named defendant could never also be a responsible third party. *Id*. at * 3 (Angelini, J. dissenting) However, the majority did not agree; *Flack* has not been overruled.

6

have owed no obligation to disclose that Wynnewood "may be designated as a responsible third party" under rules 194 while Wynnewood was still a party to the lawsuit.

**B.     Disclosure Of A Responsible Third Party Need Not Occur Before The Statute Of Limitations Has Run To Be Timely.**

While the purpose of section 33.004(d) is "to afford the plaintiff an opportunity to name the responsible third party as a defendant in the suit" (*Spencer v. BMW of N. Am., LLC*, 2015 WL 1529773 at * 2, n. 4 (W.D. Tex. April 2, 2015), citing *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 687 (E.D. Tex. 2014)), courts recognize that section 33.004(d) does not preclude designation of undisclosed responsible third parties where circumstances show the designating party owed no obligation under the discovery rules to disclose the party's identity prior to the time the statute of limitation ran.  For example, the *Spencer* court determined that the defendant's designation was timely even though it was after the limitations period expired, *because the plaintiff filed her litigation only 8 days before that expiration*.  *Id*.  In such a circumstance, the responding party could have owed no obligation under the Texas Rules of Civil Procedure to disclose the identity of the potentially responsible third party before the statute of limitations expired.  *See* TEX. R. CIV. P. 194.4 (requiring responding parties to serve responses to requests for disclosure within 30 days after service of the request or 50 days if served before an answer is due).  Likewise, in *Withers*, the court specifically

7

declined to hold that all disclosures made after the applicable statute of limitation had expired must be deemed untimely for the purpose of § 33.004(d). *Withers*, 13 F. Supp.3d at 691. The court recognized instead that "33.004(d) must be applied in those circumstances as the facts of each case require." *Id*.

The above decisions are built upon the Texas Supreme Court determination that a defendant need not necessarily designate a responsible third party prior to the running of the applicable statute of limitations. The court stated in *Villarreal v. Wells Fargo Brokers Svcs., LLC*, 315 S.W.3d 109, 122 (Tex. 2010):

> Here, we can ascertain no legislative intent from the statutory scheme that the legislature meant to preclude the joinder of a responsible third party, which had a valid limitations defense when the suit was filed.

The *Villarreal* holding also supports the argument that there is no reason to preclude the joinder of a responsible third party that already enjoys a specific immunity. There is nothing within the statutory scheme and nothing within section 33.004(d) to preclude the naming of Wynnewood as a responsible third party 26 days following the nonsuit.

Indeed, the Relators' obligation, if any, to disclose that Wynnewood may be designated as a responsible third party could have arisen only after the Real Parties non-suited their claims against Wynnewood, which nonsuit occurred *after* the statute of limitations had run as to some, but not all, of the wrongful death beneficiaries. R.R. Tab 14. As discussed above, there was no need for the

Relators to identify Wynnewood—a named defendant—as a potential responsible third party. The Relators met any discovery obligation of disclosure arising upon the Real Parties non-suit because they supplemented their responses to the Real Parties' request for disclosures within a month (26 days) of the non-suit changing Wynnewood's status from party to third party. *See* TEX. R. CIV. P. 193.5(b) (providing that discovery responses must be supplemented "reasonably promptly" after a party discovered the necessity for such a response). Moreover, it is clear that the Real Parties never needed "an opportunity to name the responsible third party as a defendant in the suit" (*Spencer*, 2015 WL 1529773 at * 2) as the Real Parties: (1) knew of Wynnewood's identity and possible culpability all along, (2) sued Wynnewood, (3) determined to nonsuit their claim against Wynnewood, (4) yet continued to allege that Wynnewood's acts and omissions proximately caused their damages until weeks before the then scheduled trial. *See* R.R. Tab 8. Because the Relators complied with all their disclosure obligations under the Texas Civil Practice and Remedies Code and the Texas Rules of Civil Procedure, the trial court abused its discretion by denying their motion for leave. *See Spencer*, 2015 WL 1529773 at * 2, n. 4.

## III. REAL PARTIES IGNORE THE FACT THAT THE STATUTE OF LIMITATIONS HAS NOT EXPIRED ON ROGAN SMITH'S CLAIMS.

The Real Parties' Response addresses the statute of limitations issue as it relates to Rogan Smith with one sentence -- a sentence that is incorrect on its face. *See* Response at 8. The Real Parties state, "Also on April 22, 2015, the minor child, Rogan, filed a nonsuit of all of his claims against all defendants thereby removing himself from the case (Tab 15)." *Id.* That statement is wrong. Rogan Smith's filing occurred on the eve of the then scheduled trial, September 22, 2015 (see Doc. 145). The error is significant. First, the dismissal without prejudice occurred less than one month prior to the scheduled trial and four months after the motion to designate Wynnewood as a responsible third party. Second, the dismissal without prejudice did not affect or impair Rogan Smith's right to bring suit throughout the period of his minority plus two years. His potential future cause of action against Wynnewood was in no way barred by the dismissal. Moreover, for the trial court to sign an enforceable judgment in the underlying lawsuit, Rogan Smith's interests are *required* to be represented *in the underlying lawsuit*. *See Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. App.—San Antonio 1997, writ denied) (holding that all of a deceased individual's wrongful death beneficiaries are required to present their claims in a single lawsuit); *Tex. Health Enters., Inc. v. Geisler*, 9 S.W.3d 163, 169 (Tex. App.—Fort Worth, pet. dism'd) (holding a judgment "cannot stand" where the record shows that all statutory beneficiaries are not parties to the lawsuit, or that the wrongful

10

death claims have not been brought for the benefit of all the statutory beneficiaries).

The Rogan Smith claim was asserted on May 29, 2015 (Doc. 116; Plaintiffs' First Supplemental Original Petition). That Petition was in effect and Rogan Smith's claim was being actively pursued from May 29, 2015 through September 22, 2015, during which time the Relators' amended their disclosures to identify Wynnewood as a potential responsible third party and moved for leave to designate Wynnewood as a responsible third party. R.R. Tab 9; Tab 11, ex. A. The Relators clearly complied with their obligation to disclose Wynnewood as a potentially responsible third party prior to the expiration of the statute of limitations associated with Rogan Smith's claim. Whether or not Rogan Smith subsequently dismissed his cause of action is irrelevant to the issue of whether the Relators' complied with any discovery obligation. *See* TEX. R. CIV. P. 194.2. Thus, the trial court abused its discretion by denying the motion for leave for this additional and independent reason as the applicable statute of limitations had *not* run as to a named section 33.003(a)(1) "claimant" at the time of the designation.

## IV. THE RELATORS' RECORD INCLUDES ALL DOCUMENTS NECESSARY AND MATERIAL TO THE RELATORS' CLAIMS FOR RELIEF.

In addition to their substantive arguments, and even though the record includes all documents that are material to the Relators' claim for relief as required

by Rule 52.7 of the Texas Rules of Appellate Procedure, the Real Parties assert two procedural complaints regarding the record: (1) that Relators failed to include a number of documents submitted to the trial court as exhibits during the hearing on the motion for leave to designate Wynnewood, and (2) that a document that was not provided to the trial court was included in the record. *See* Brief at 15.

The trial exhibits were omitted because they (1) were not material to the Relators' claims for relief and (2) are not relevant to any issue presented in this petition for writ of mandamus. However, the Relators have supplemented the mandamus record to include these exhibits and mollify the Real Parties' concern. *See* Supplement to Relators' Record.[3] Accordingly, the Relators have cured any complaint regarding the absence of these exhibits from the record as permitted by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.7(b).

With respect to the complaint that a document that was not provided to the trial court was included in the record, the Real Parties are referring to Tab 1 of the record, entitled "Formal Incident Investigation Report." The Relators intended to omit that document from the Relators' Record and to delete any reference to it from the petition for writ of mandamus before filing. In the Relators' haste to

---

[3]    TEX. R. APP. P. 52.7(b) ("*Supplementation Permitted.* After the record is filed, relator or any other party to the proceeding may file additional materials for inclusion in the record.") (emphasis in original).

prepare their petition for writ of mandamus and their emergency motion to stay, which the Court granted, a version of the brief and record containing the document was submitted to the Court. That document is not material to the relief requested in the petition, and the Relators ask the Court to simply ignore the document and any reference to it in the petition. To the extent necessary, the Relators would agree to strike the document from the Relators' Record. Regardless, as the document is immaterial to the relief requested, the Real Parties' procedural complaint provides no proper basis to deny the petition for writ of mandamus. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 211 (Tex. 2001) (noting that Texas courts should not elevate form over substance in such a manner that hinders parties' rights to have the merits of their claims considered).

## V. RELATORS' INTERPRETATION OF SECTION 33.004(d) PROMOTES THE LEGISLATURE'S INTENT, PURPOSE, AND OBJECTIVES.

In *Phi Van Cao v. Hardy*, 352 S.W.3d 218, 220 (Tex. App.—Houston [14th Dist.] 2011, no pet.), the Court of Appeals addressed the statutory review of responsible third party issues, stating:

> When construing [the responsible third party designation] statute, we begin with its language. Our primary objective is to determine the legislature's intent which, when possible, we discern from the plain meaning of the words chosen. We presume the legislature included each word in the statute for a purpose, and that words not included were purposefully omitted. We may not add language that is not implicitly contained in the language of the statute. **However, we may consider other matters in ascertaining legislative intent, including**

13

**the objective of the law, its history, and the consequences of a particular construction**.

(internal citations omitted).

In the preceding sections, the Relators discussed how their interpretation of the plain meaning of the words within § 33.004(d) is consistent with designation of a nonsuited defendant as a responsible third party 26 days after filing of that nonsuit. Due to the mutually exclusive nature of the categories "defendant" and "responsible third party" within the proportionate responsibility act, there is no obligation to designate an existing defendant as a responsible third party until the defendant is dismissed or nonsuited. This interpretation complies with the wording of the statute. *See* TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq*. This interpretation complies with the intent of the legislature and the objectives of allocating proportionate responsibility among all contributors to tort damages. *See* TEX. CIV. PRAC. & REM. CODE § 33.003.

The Real Parties suggest that Relators' interpretation of the statute "encourages gamesmanship and chicanery, and overly complicates the law." Response, at p. 34. Actually, the exact opposite is true. The Real Parties argue that each existing defendant within a case should also name each other existing defendant as a responsible third party, for fear that if the statute of limitation expires, a nonsuit in the weeks prior to trial would eliminate the right to apportion

responsibility to that nonsuited defendant. This argument "encourages gamesmanship and chicanery." This argument "overly complicates the law."

Real Parties suggest that this Court endorse such gamesmanship to eliminate a prior named defendant -- a defendant who enjoyed a statutory immunity under Oklahoma Workers' Compensation law -- who the Real Parties continued to assert caused their damages even after non-suiting it (R.R. Tab 8), as a party to which the trier of fact could allocate responsibility. While the Real Parties certainly had the right to nonsuit their claims against Wynnewood, they do not have the right to eliminate the trier of fact's ability to properly allocate responsibility to Wynnewood as intended by Texas's proportionate responsibility law. Real Parties suggest this result upon the unreasonable argument that section 33.004(d) imposes a duty to name existing party defendants as responsible third parties. Notably absent from the Real Parties' response, however, is any citation to court opinion or other authority suggesting that their interpretation is reasonable or that it has been adopted. The only court to have addressed this issue of which Relators are aware holds to the contrary. *See Flack*, 334 S.W.3d at 262.

The Real Parties argue that allowing designation of Wynnewood 26 days after the nonsuit was unfair because Relators "had a duty to disclose and the limitations period has expired, thereby prejudicing Real Parties in Interest by now being barred by limitations from pursuing a case against Wynnewood Refining."

15

Response at 36. Again, there was no duty to disclose Wynnewood prior the time the statute of limitations ran for the reasons noted above. Moreover, such a statement makes no sense here because Wynnewood would be immune from legal liability to the Real Parties pursuant to the Oklahoma Workers' Compensation laws. *See* OKLA. STAT. ANN. TIT. 85A, § 5. Texas courts recognize that designation of parties, even when those parties are immune from liability, provides the only means by which such parties' negligence can be compared. *See, e.g. Hernandez v. Bumbo (Pty.) Ltd.*, 2014 WL 924238, at *5 (N.D. Tex. Mar. 10, 2014) (allowing designation of Mrs. Hernandez as a responsible third party despite her legal protection from liability under the parental immunity doctrine which rendered any claim against her as "legally untenable"). In fact, the Hernandez court concluded that designation of an immune party "would facilitate the goals behind the 2003 amendments . . . by allowing pursuit of the only mechanism by which such alleged fault could be considered." *Id.*

The Real Parties' arguments and the trial court's decision are clearly at odds with the wording of the Texas statute, the intent of the Texas legislature, and the statutory history of proportionate responsibility allocation. Real Parties' argument and the trial court's decision are in direct opposition to the statutory intent to compare each claimant, each defendant, each settling party and each responsible third party. Real Parties' argument would encourage unnecessary and

16

counterproductive finger pointing by litigation defendants and claimants. Real Parties' argument would encourage the last minute gamesmanship seen by these plaintiffs, on the eve of trial, to "control" the responsible parties and thereby skew and distort the proportionate responsibility allocation to be obtained from the trier of fact. Real Parties' interpretation promotes and encourages the very "gamesmanship and chicanery" which the Texas legislature has been attempting to eliminate through the 20 years of statutory change. There was no basis under the plain meaning of the relevant statutory language or the relevant Texas discovery rules to deny the Relators' motion for leave. Denial of the motion for leave under such circumstances violated the public policy set by the Legislature and courts. Thus, the trial court clearly abused its discretion by denying the Relator's motion for leave to designate Wynnewood as a responsible third party.

## PRAYER

WHEREFORE, the Relators pray that this Court issue a Writ of Mandamus requiring the District Court of Fort Bend County, Texas to vacate its Order denying Relators' Motion for Leave to Designate Responsible Third Party and order the trial court to grant leave for Wynnewood to be designated as a Responsible Third Party, such that Wynnewood's fault, if any, might be compared at the time of trial.

17

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Philip D. Sharp*
    Phillip D. Sharp
    Texas State Bar No. 18118680
808 Travis, 20th Floor
Houston, TX 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
*Email: sharp@mdjwlaw.com*

By: */s/ Lee M. Smithyman*
    Lee M. Smithyman
    Kansas State Bar No. 09391
SMITHYMAN & ZAKOURA, CHARTERED
750 Commerce Plaza II Building
7400 West 110th Street
Overland Park, Kansas 66210-2362
(913) 661-9800 – Telephone
(913) 661-9861 – Facsimile
*lee@smizak-law.com*

**ATTORNEYS FOR RELATORS**

18

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated Reply in Support of Petition for Writ of Mandamus contains 4,282 words.

*/s/ Philip D. Sharp*
Philip D. Sharp
Dated: November 13, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this November 13, 2015, a true and correct copy of the foregoing instrument was sent by the method indicated to the following individuals:

Gary M. Riebschlager
THE RIEBSCHLAGER LAW FIRM
801 Congress, Suite 250
Houston, TX 77002
*gary@riebschlagerlaw.com*
*cecilia@riebschlagerlaw.com*
*(via e-File and e-Mail)*

Timothy A. Hootman
2402 Pease St
Houston, TX 77003
*thootman2000@yahoo.com*
*(via e-File and e-Mail)*

Richard L. Tate
TATE, MOERER & KING, LLP
206 South Second Street
Richmond, TX 77469
*rltate@tate-law.com*
*(via e-File and e-Mail)*

Sidney F. Robert
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, TX 77002
*sidney.robert@bcoonlaw.com*
*belinda@bcoonlaw.com*
*(via e-File and e-Mail)*

David M. Medina
THE MEDINA LAW FIRM
5800 Memorial Drive, Suite 890
Houston, TX 77007
*davidmedina@justicedavidmedina.com*
*(via e-File and e-Mail)*

The Honorable James H. Shoemake
434th JUDICIAL DISTRICT COURT
Fort Bend County Justice Center
1422 Eugene Heimann Circle
Courtroom: Room 3I
Telephone: 281-341-4409
*via e-filing*

*/s/ Philip D. Sharp*
Philip D. Sharp